

FILED
12/5/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EUGENE MCLAURIN

No. 21 CR 421

Judge Manish S. Shah

### PLEA AGREEMENT

1.      This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant EUGENE MCLAURIN, and his attorney, MICHAEL E. BAKER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.      The indictment in this case charges defendant with assaulting a federal officer, in violation of Title 18, United States Code, Sections 111(a) and (b) (Counts One, Two, and Three); using a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) (Counts Four, Five, and Six); and being a felon in possession of ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) (Count Seven).

3.      Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.      Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant Is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Counts One through Three, which each charge defendant with assaulting a federal officer, in violation of Title 18, United States Code, Sections 111(a) and (b); and Counts Four and Five, which each charge defendant with using a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

## Factual Basis

6.      Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One through Five of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

With respect to Count One of the indictment: On or about July 7, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did forcibly assault and interfere with Special Agent A, an officer and employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an agency of the United States government, while Special Agent A was engaged in the performance of her official duties, and in committing such offense, defendant did use a deadly and dangerous

2

weapon, namely a firearm, and did inflict bodily injury upon Special Agent A, in violation of Title 18, United States Code, Sections 111(a) and (b).

With respect to Count Two of the indictment: On or about July 7, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did forcibly assault and interfere with Special Agent B, an officer and employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an agency of the United States government, while Special Agent B was engaged in the performance of his official duties, and in committing such offense, defendant did use a deadly and dangerous weapon, namely a firearm, and did inflict bodily injury upon Special Agent B, in violation of Title 18, United States Code, Sections 111(a) and (b).

With respect to Count Three of the indictment: On or about July 7, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did forcibly assault and interfere with Task Force Officer C, an officer and employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an agency of the United States government, while Task Force Officer C was engaged in the performance of his official duties, and in committing such offense, defendant did use a deadly and dangerous weapon, namely a firearm, and did inflict bodily injury upon Task Force Officer C, in violation of Title 18, United States Code, Sections 111(a) and (b).

With respect to Count Four of the indictment: On or about July 7, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did use, carry, and discharge a firearm during and in relation to a crime of violence for which

3

defendant may be prosecuted in a court of the United States, namely an assault on Special Agent A, an officer and employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, in violation of Title 18, United States Code, Sections 111(a) and (b), as charged in Count One of the indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

With respect to Count Five of the indictment: On or about July 7, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did use, carry, and discharge a firearm during and in relation to a crime of violence for which defendant may be prosecuted in a court of the United States, namely an assault on Special Agent B, an officer and employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, in violation of Title 18, United States Code, Sections 111(a) and (b), as charged in Count Two of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

More specifically, on the morning of July 7, 2021, officers and employees of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, namely ATF Special Agent A, ATF Special Agent B, and ATF Task Force Officer C (the "ATF agents"), were working on a covert federal investigation in the vicinity of 449 West 118th Street, Chicago, Illinois. The ATF agents were in an unmarked law enforcement vehicle (the "ATF Vehicle"). At approximately 5:40 a.m., defendant, who was driving a white Chevrolet Malibu, began following the ATF Vehicle as it travelled eastbound on West 118th Street. Defendant knew that there were multiple people in the vehicle and suspected

4

that the vehicle's occupants were members of an opposing gang. Defendant followed the ATF Vehicle as it turned westbound on West 119th Street. While on West 119th Street, defendant pulled in front of the ATF Vehicle, then pulled over and parked on the side of the street. The ATF Vehicle continued to travel westbound on West 119th Street. Once the ATF Vehicle passed him, defendant pulled back out onto West 119th Street and followed the ATF Vehicle. The ATF Vehicle continued westbound on West 119th Street until it reached South Ashland Avenue. The ATF Vehicle turned north onto South Ashland Avenue in order to enter the I-57 expressway.

When the ATF Vehicle reached the on-ramp for I-57, defendant pulled alongside the ATF Vehicle on South Ashland Avenue. Defendant rolled down the driver-side window of his car and, using a Glock 9-millimeter pistol, fired multiple times at the ATF agents inside the ATF Vehicle. Defendant briefly paused and then fired several additional shots at the ATF agents inside the ATF Vehicle.

ATF Special Agent A, who was seated in the backseat of the ATF Vehicle, was shot in the left hand and sustained permanent bodily injuries. ATF Special Agent B, who was seated in the front-passenger seat of the ATF Vehicle, was shot in his right arm as well as the right side of his body and sustained permanent bodily injuries. ATF Task Force Officer C, who was driving the ATF Vehicle, was grazed by a bullet and sustained bodily injury to his head.

Shortly after the shooting, defendant disposed of the Glock pistol in a sewer drain and hid the key to the Chevrolet Malibu inside a dryer-vent tube in the

basement of his residence in order to conceal evidence of his involvement in the shooting from law enforcement.

## Maximum Statutory Penalties

7.     Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a.     Counts One through Three each carry a maximum sentence of 20 years' imprisonment, a maximum fine of $250,000, and a term of supervised release of not more than three years.

b.     Counts Four and Five each carry a maximum sentence of life imprisonment and a statutory mandatory minimum sentence of 10 years' imprisonment. The sentences of imprisonment on Counts Four and Five are required to be consecutive to each other and to any other sentence. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on Counts Four or Five. Counts Four and Five also carry a maximum fine of $250,000. Defendant further understands that with respect to Counts Four and Five, the Court also may impose a term of supervised release of not more than five years.

c.     Defendant further understands that the Court must order restitution to the victims of the offenses in an amount determined by the Court.

d.     Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

e.      Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is 20 years' imprisonment, which is required to be consecutive to any other sentence imposed. In addition, defendant is subject to a total maximum fine of $1,250,000, a period of supervised release, and special assessments totaling $500, in addition to any restitution ordered by the Court.

## Sentencing Guidelines Calculations

8.      Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2023 Guidelines Manual.

b.      **Offense Level Calculations**.

Count One (Assault on Special Agent A)

i.      The base offense level is 14, pursuant to Guideline § 2A2.2(a).

ii.      The offense level is increased by seven levels, pursuant to Guideline § 2A2.2(b)(3)(C), because Special Agent A sustained permanent bodily injury.

iii.      Pursuant to Guideline § 2K2.4, Application Note 4, an enhancement for the discharge of a firearm does not apply to Count One because the weapon enhancement is accounted for in Count Four.

iv.      The offense level is increased by two levels, pursuant to Guideline § 3C1.1, because defendant obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of

8

the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction.

      v.      Thus, the offense level for Count One is 23.

Count Two (Assault on Special Agent B)

      vi.      The base offense level is 14, pursuant to Guideline § 2A2.2(a).

      vii.      The offense level is increased by seven levels, pursuant to Guideline § 2A2.2(b)(3)(C), because the victim sustained permanent bodily injury.

      viii.      Pursuant to Guideline § 2K2.4, Application Note 4, an enhancement for the discharge of a firearm does not apply to Count Two because the weapon enhancement is accounted for in Count Five.

      ix.      The offense level is increased by two levels, pursuant to Guideline § 3C1.1, because defendant obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction.

      x.      Thus, the offense level for Count Two is 23.

Count Three (Assault on Task Force Officer C)

      xi.      The base offense level is 14, pursuant to Guideline § 2A2.2(a).

xii.     The offense level is increased by five levels, pursuant to Guideline § 2A2.2(b)(2)(A), because a firearm was discharged.

xiii.     The offense level is increased by three levels, pursuant to Guideline § 2A2.2(b)(3)(A), because the victim sustained bodily injury.

xiv.     The offense level is increased by two levels, pursuant to Guideline § 2A2.2(b)(7), because defendant was convicted under 18 U.S.C. § 111(b).

xv.     The offense level is increased by two levels, pursuant to Guideline § 3C1.1, because defendant obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction.

xvi.     Thus, the offense level for Count Three is 26.

Count Four

xvii.     Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), and Guideline § 2K2.4(b), defendant's guideline sentence with respect to Count Four is 120 months' imprisonment, which sentence shall run consecutively to any other sentence imposed on defendant.

Count Five

xviii.     Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), and Guideline § 2K2.4(b), defendant's guideline sentence with

respect to Count Five is 120 months' imprisonment, which sentence shall run consecutively to any other sentence imposed on defendant.

Combined Offense Level

          xix.       Count One, Count Two, and Count Three are each treated as separate groups, pursuant to Guideline § 3D1.2.

          xx.       Pursuant to Guideline § 3D1.4(a), Count Three counts as one Unit because it is the group with the highest offense level, namely a total offense level of 26.

          xxi.       Pursuant to Guideline § 3D1.4(a), Count One and Count Two each count as one Unit because each is between one and four levels less serious than Count Three.

          xxii.       Pursuant to Guideline § 3D1.4, because there are three Units, three levels are added to the count with the highest offense level, resulting in a combined offense level of 29.

Acceptance of Responsibility

          xxiii.       Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to

satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

        xxiv.      In accordance with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

        c.      **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal three and defendant's criminal history category is II:

        i.      On or about April 23, 2013, defendant was convicted in the Circuit Court of Cook County, Illinois, of the aggravated unlawful use of a weapon and sentenced to one year of imprisonment. Defendant does not receive any criminal history points for this sentence, pursuant to Application Note 6 to Guideline § 4A1.2, because the statute of conviction has been ruled constitutionally invalid.

        ii.      On or about May 12, 2015, defendant was convicted of misdemeanor street gang contact/parole in the Circuit Court of Cook County, Illinois,

and sentenced to two days' imprisonment. Defendant does not receive any criminal history points for this sentence, pursuant to Guideline § 4A1.2(c)(1).

   iii.  On or about May 29, 2015, defendant was convicted of misdemeanor street gang contact/parole in the Circuit Court of Cook County, Illinois, and sentenced to two days' imprisonment. Defendant does not receive any criminal history points for this sentence, pursuant to Guideline § 4A1.2(c)(1).

   iv.  On or about March 9, 2015, defendant was convicted in the Circuit Court of Cook County, Illinois of methamphetamine delivery (14 CR 1635601), methamphetamine delivery (14 CR 1635701), and aggravated unlawful use of a weapon (14 CR 1635501). Defendant was sentenced to concurrent sentences of five years' imprisonment in 14 CR 1635601, five years' imprisonment in 14 CR 1635701, and three years' imprisonment in 14 CR 1635501. Pursuant to Guideline § 4A1.2(a)(2), these three sentences are treated as a single sentence because they were not imposed for offenses that were separated by an intervening arrest and were imposed on the same day. Defendant receives three criminal history points for this sentence, pursuant to Guideline § 4A1.1(a).

   d.  **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level applicable to defendant's convictions under Counts One, Two, and Three, is 26, which, when combined with the anticipated criminal history category of II, results in an anticipated advisory sentencing guidelines range of 70 to 87 months'

imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a total statutory minimum sentence of 20 years' imprisonment on Counts Four and Five of the indictment, which will be imposed consecutively to any sentence imposed on Counts One, Two, and Three of the indictment.

      e.     Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

      10.     Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the

14

Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11.     Each party is free to recommend whatever sentence it deems appropriate.

12.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make full restitution to the victims in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

14.     Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15.    Defendant agrees to pay the special assessment of $500 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16.    Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

17.    After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Forfeiture

18.    Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property involved in the offense.

19.    Defendant agrees to forfeiture of the specific property identified for forfeiture in the indictment to the United States, namely, approximately five rounds of nine-millimeter ammunition with the markings "HORNADY" and "9mm LUGER" on the headstamps. In doing so, defendant admits that this specific property was involved in the offense, as alleged in the superseding information. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it.

16

Defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, including but not limited to surrender of title and execution of any documents reasonably necessary to transfer his interest in any property subject to forfeiture.

20.    Defendant understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

21.    This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 21 CR 421.

22.    This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

23.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.

The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

   iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

   v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

   vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

   vii.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

   viii.  With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine

whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

24. **Appellate rights. Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

25.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

26.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

27.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

28.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

29.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

30.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

31.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

32.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

33.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

34.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

35.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _December 5, 2023_

_Morris Pasqual by_

MORRIS PASQUAL
Acting United States Attorney

_Jared Jodrey_

JARED JODREY
Assistant United States Attorney

_Eugene McLaurin_

EUGENE MCLAURIN
Defendant

_Michael E. Baker_

MICHAEL E. BAKER
Attorney for Defendant